UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
SOUTHERN DIVISION
-------------------------------------------------------X
ANDREW JAY McGRATH,
         Movant,
    vs.                                    No. _____
UNITED STATES OF AMERICA,       No. 1:09-CR-0169-WTL-KPF
         Respondent.
-------------------------------------------------------X

1:11-cv-0656 WTL-TAB

**Prisoner Number and Place of Confinement:**
Register No. 09275-028, U.S. Penitentiary, Tucson, Arizon
(Clerk of Court please take note: movant is represented by counsel)

## MOVANT/PETITIONER ANDREW JAY McGRATH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. §2255

Movant/Petitioner, ANDREW JAY McGRATH, respectfully files this Memorandum of Law in support his Section 2255 motion to vacate sentence and states as follows:

### I.
### The Legal Standards Governing Ineffective Assistance Of Counsel Claims.

A prisoner is *entitled* to an evidentiary hearing on a Section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255. The court on review "must accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid claim." *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987).

The right of an accused to counsel is beyond question a fundamental right. *See e.g. Kimmelman v. Morrison*, 477 U.S. 365 at 377 (1986); *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). "Without counsel the right to a fair trial itself would be of little consequence for it is through counsel that the accused secures his other rights." *Kimmelman, supra.* "The constitutional guarantee

1

of counsel, however, cannot be satisfied by the mere retention or appointment of an attorney." *Id.* "An accused is entitled to be assisted by an attorney whether retained or appointed, who plays the role necessary to ensure that the trial is fair." *Strickland v. Washington*, 466 U.S. 668, 685 (1984). In other words, the right to counsel is the right to effective assistance of counsel. *E.g. Strickland,* 466 U.S. at 686.

*Strickland* established a two-pronged test for determining whether a defendant has received ineffective assistance of counsel. Under the first prong, the court must determine "whether counsel's performance was deficient." *Strickland,* 466 U.S. at 687. Counsel's performance is deficient where it falls below an objective standard of reasonableness. *Id.* at 688.

Under the second *Strickland* prong, the court must determine whether the deficient performance of counsel prejudiced the defendant's case. To satisfy the prejudice prong of the test, a defendant need not show that, but for counsel's errors, the outcome of the proceeding would more likely than not have been different. *Strickland,* 466 U.S. at 693. Rather, a defendant must only show that "there is a ***reasonable probability***, that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694 (emphasis added). "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, ***even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome***." *Id.* at 694 (emphasis added). Furthermore, the Supreme Court has recognized that a single, serious error of counsel may violate a defendant's constitutional right to effective assistance of counsel. *United States v. Cronic,* 466 U.S. 648, 657, n.20 (1984). *See also Murray v. Carrier*, 477 U.S. 478, 496, (1986).

## II.
### Mr. McGrath Was Denied Effective Assistance Of Counsel At The Time He Pled Guilty Because His Attorney Failed To Conduct A Reasonable Investigation Which Would Have Shown That There Was A Meritorious Suppression Issue Regarding The Search Of His Home and Computers.

The Supreme Court has long held that *Strickland v. Washington*, 466 U.S. 668, 700 (1984) applies to ineffective assistance claims arising out of the plea bargaining process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The prejudice inquiry in such cases "focuses on whether counsel's constitutionally ineffective performance effected the outcome of the plea process." *Id.* at 59.

In this case, as explained in Mr. McGrath's Section 2255 Motion, because of Mr. Marsh's failure to conduct a reasonable investigation regarding the search of Mr. McGrath's home and the computers therein, Mr. McGrath had no idea that a meritorious motion to suppress the evidence seized in that search and all fruits thereof could be filed. As a result, Mr. McGrath's guilty plea was entered without the informed advice of counsel and his decision to plead guilty was not a voluntary and intelligent choice among the courses of action open to him. Indeed, Mr. McGrath would not have pled guilty in this case if he had known that a meritorious suppression motion could be filed on his behalf.

Courts have not hesitated to grant Section 2255 Motions where, because of defense counsel's failure to reasonably investigate the case, a defendant's plea was entered without the informed advice of counsel regarding defenses such as potentially meritorious suppression issues. *Phillips v. Mills*, 188 F.3d 508 (6th Cir. 1999); *Ivy v. Caspari*, 173 F.3d 1136 (8th Cir. 1999). *See also Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973)(recognizing that counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure to properly inform himself of facts that would have shown the existence of a constitutional claim can permit a defendant who pleads guilty to show that

his attorney's advice was not within the range of competence demanded of attorneys in criminal cases and, thus, was deficient).

Accordingly, for all of the foregoing reasons and those stated in Mr. McGrath's Section 2255 Motion, defense counsel rendered ineffective assistance of counsel.

### III.
### Mr. Mcgrath Involuntarily Entered A Guilty Plea Because His Counsel Failed To Inform Him That He Had Grounds To File A Motion To Suppress The Evidence Obtained From His Home And The Computers Therein.

Because it waives numerous constitutional rights, a guilty plea must be knowing, intelligent, and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242. A guilty plea must represent a voluntary and intelligent choice among the various options available to the defendant. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

Because of defense counsel's failure properly to inform himself of available facts that would have shown the existence of a meritorious suppression motion and his resulting failure to advise Mr. McGrath of this Fourth Amendment claim, Mr. McGrath's plea was not knowingly and voluntarily entered. *See e.g., Ivy v. Caspari*, 173 F.3d 1136 (8th Cir. 1999).

### IV.

### Mr. McGrath Is Entitled To File His Section 2255 Motion Challenging His Guilty Plea Although His Plea Agreement Contained A Waiver Of His Right To File Such A Motion.

The Seventh Circuit, in *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999) held that a defendant's waiver of the right to file a Section 2255 Motion does not bar him from filing such a motion where that motion challenges his guilty plea on the grounds of involuntariness and ineffective

4

assistance of counsel. For the reasons stated therein, Mr. McGrath is entitled to filed his Section 2255 Motion.

## CONCLUSION

For all of the foregoing reasons, Mr. McGrath prays that this Court conduct a hearing at which evidence may be offered concerning the factual allegations in his motion and thereafter grant all relief to which he may be entitled in this proceeding, including but not limited to vacating and setting aside the judgment of conviction and sentence, granting a new trial and such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Marcia J. Silvers*
_____
MARCIA J. SILVERS, ESQUIRE
Florida Bar No. 342459
Marcia J. Silvers, P.A.
40 Northwest 3rd Street, Penthouse One
Miami, Florida 33128
Telephone: 305/774-1544
Facsimile: 305/403-8209

*Attorney for Movant/Petitioner*
*Andrew Jay McGrath*

## CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing has been filed with the Clerk of Court on May 13, 2011 and served upon the following counsel of record:

   Assistant United States Attorney A. Brant Cook
   U.S. Attorney's Office
   10 West Market Street, Suite 2100
   Indianapolis, Indiana 46204-3048
   brant.cook@usdoj.gov

via mail and email.

              _____
              MARCIA J. SILVERS, ESQ.

Marcia J. Silvers, P.A.
40 Northwest 3rd Street, Penthouse One
Miami, Florida 33128
Telephone: 305/774-1544
Facsimile: 305/403-8209

6